UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIANE M.,<br><br>               Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>               Defendant. | Case No. C21-1581-MLP<br><br>ORDER |

## I.    INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits ("DIB"). Plaintiff contends the administrative law judge ("ALJ") erred in: (1) finding at step two that Plaintiff's irritable bowel syndrome ("IBS") was not severe and in failing to address Plaintiff's right foot pain, (2) finding at step three that she did not meet or equal Listing 1.04, and (3) discounting Plaintiff's allegations based on mischaracterizations of the record. (Dkt. # 15 at 1-6.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.    BACKGROUND

Plaintiff was born in 1965, has a college degree, and has worked for grocery stores as a bookkeeper, cashier, and deli assistant; as a pizza delivery driver; and as a garden center

ORDER - 1

greenhouse horticulture assistant. AR at 178, 272. Plaintiff was last gainfully employed in 2009. *Id.* at 177.

In April 2019, Plaintiff applied for benefits, alleging disability as of September 1, 2003, with a date last insured ("DLI") of June 30, 2011.[1] AR at 149-50. Plaintiff's DIB application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 99-101, 108-11. Plaintiff waived her right to a hearing (*id*. at 112), and the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 11-20.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-5. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical

---

[1] Plaintiff also protectively applied for Supplemental Security Income in April 2019, and this application was approved upon initial review. *See* AR at 11, 83-98, 139-48.

testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.   DISCUSSION

#### A.   The ALJ Did Not Err at Step Two

Plaintiff contends that the ALJ erred at step two in two ways: (1) in failing to acknowledge her right foot pain, and (2) in finding her IBS not severe. (Dkt. # 15 at 3-4.) The Court will address each condition in turn.

##### 1.   Legal Standards

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting Social Security Ruling 85-28). "[T]he step two inquiry is a de minimis screening device to dispose of groundless claims." *Id.* (citing *Bowen*, 482 U.S. at 153-54). An ALJ is also required to consider the "combined effect" of an individual's impairments in considering severity. *Id.* A diagnosis alone is not sufficient to establish a severe impairment. Instead, a claimant must show his medically determinable impairments are severe. 20 C.F.R. §§ 404.1521, 416.921.

        2.      *Right Foot Pain*

Plaintiff contends that the ALJ erred in failing to address her chronic foot pain. (Dkt. # 15 at 3.) She notes that the record references a surgery she had in 1990 for neuroma (*id*.), but does not cite any evidence establishing the existence of a right foot condition during the adjudicated period (September 1, 2003, through June 30, 2011) or significant workplace limitations connected to that condition. Accordingly, Plaintiff has not shown that the record establishes that she had a foot condition that was medically determinable and severe during the adjudicated period, such that the ALJ should have discussed it at step two.

        3.      *IBS*

The ALJ acknowledged that Plaintiff had a history of IBS, but found that prior to the DLI, the condition was mentioned only sporadically and no limitations were referenced in connection with it. AR at 14. Plaintiff contends that the ALJ erred in finding IBS not severe because her IBS symptoms flare as a result of medications she takes for back pain. (Dkt. # 15 at 3.)

Although Plaintiff contends, without citation to the record, that her IBS symptoms have been flaring, she has not shown or even argued that her IBS caused significant workplace limitations during the adjudicated period. Accordingly, she has not shown that the ALJ erred in finding that Plaintiff's IBS did not significantly impair her ability to work, and was therefore, not severe during the adjudicated period.

**B.**     **The ALJ Did Not Err at Step Three**

The ALJ found that Plaintiff did not meet or medically equal Listing 1.04 because the record contained no evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis, as required in Listing 1.04. AR at 14. The ALJ also noted that Plaintiff's back disorder

ORDER - 4

had not resulted in an inability to ambulate, as defined in the regulations. *Id*. Plaintiff argues that the ALJ erred in finding that she did not meet or equal Listing 1.04. (Dkt. # 15 at 2.)

At step three, the ALJ considers whether one or more of a claimant's impairments meet or medically equal an impairment listed in Appendix 1 to Subpart P of the regulations. "The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just 'substantial gainful activity.'" *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (emphasis in original and citations omitted).

Plaintiff bears the burden of proof at step three. *Bowen*, 482 U.S. at 146 n.5. A mere diagnosis does not suffice to establish disability. *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985). "'[An impairment] must also have the *findings* shown in the Listing of that impairment.'" *Id*. at 1549-50 (quoting 20 C.F.R. § 404.1525(d); emphasis added in *Key*). To meet a listing, an impairment "must meet *all* of the specified medical criteria." *Sullivan*, 493 U.S. at 530 (emphasis in original). "To equal a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment[.]" *Tackett v. Apfel,* 180 F.3d 1094, 1099 (9th Cir. 1999); § 416.926 (a); *see also Sullivan*, 493 U.S. at 531 (to establish equivalency, claimant "must present medical findings equal in severity to *all* the criteria" for the listing).

All of the spinal disorders that are covered in Listing 1.04 require that the condition results in an inability to ambulate effectively. 20 C.F.R. Part 404, Subpart P, Appendix 1, §§ 1.00B(2)(b), 1.04A-C (2020). Plaintiff has pointed to no evidence that her back condition left her unable to ambulate effectively, *i.e.*, "having insufficient lower extremity functioning [] to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities." 20 C.F.R. Part 404, Subpt. P, App. 1, §§ 1.00B(2)(b)(1)

ORDER - 5

(2020). Plaintiff herself reported an ability to walk 10-20 minutes at a time (AR at 210), and the ALJ cited evidence of Plaintiff's normal gait upon examination. *Id.* at 15-16 (citing *id.* at 273, 332-33, 356, 395). Plaintiff has not shown that the record would support a finding that she could not ambulate effectively, as required by Listing 1.04, and thus has not established error in the ALJ's finding that she does not meet or equal that listing.

### C. The ALJ Did Not Err in Discounting Plaintiff's Testimony

The ALJ summarized Plaintiff's allegations and explained that she discounted them because the records from the adjudicated period show that: (1) Plaintiff's back pain improved with exercises, medication, massage, and acupuncture; and (2) Plaintiff was able to work part-time during the adjudicated period, while also attending classes full-time. AR at 17. The ALJ also noted that records years after the adjudicated indicate that Plaintiff reported "she felt well and was able to care for her elderly parents." *Id.*

Plaintiff argues disputes some of the ALJ's findings related to her allegations. (Dkt. # 15 at 4-6.) Specifically, Plaintiff contests the ALJ's summary of a chiropractic evaluation from August 2003. The ALJ stated that at this evaluation, Plaintiff reported that her pain did not radiate into her lower extremities. AR at 15 (citing *id.* at 271). Plaintiff contends that the text of the evaluation report actually suggests that her pain did radiate into her leg (dkt. # 15 at 4), but the report reads: "[Plaintiff's] pain is described as stiffness and ache without radiating pain, paresthesia, or weakness into the lower extremity." AR at 271. Plaintiff has not shown that the ALJ erred in summarizing the evaluation.[2]

---

[2] The chiropractic evaluation also notes that Plaintiff was working full-time as a bookkeeper at the time (AR at 272), and Plaintiff explains the circumstances of her work at the time (dkt. # 15 at 4-5) but does not show that the ALJ mischaracterized the evidence in noting that she was working at the time of the evaluation. *See* AR at 15.

ORDER - 6

Next, Plaintiff disputes the ALJ's summary of a November 2005 evaluation report. (Dkt. # 15 at 5.) The ALJ stated that Plaintiff reported working 15-19 hours/week doing horticulture work, while attending classes full-time to obtain a horticulture degree. AR at 15. The ALJ noted that Plaintiff reported being "'able to do most of the aspects of her job'" but that she avoided heavy lifting/pushing/pulling. *Id*. Plaintiff claims that she reported being able to perform only "some" of the tasks of a horticulturist (dkt. # 15 at 5), but the ALJ accurately quoted Plaintiff's report that she could perform "*most* of the aspects of her job." *See* AR at 324 (emphasis added). It appears that Plaintiff may have been drawing a distinction between the tasks of a horticulturist and the tasks of her own work-study position. In any event, Plaintiff has not shown that the ALJ erred in characterizing and quoting the record in this regard.

Plaintiff also challenges another aspect of the ALJ's summary of the November 2005 evaluation report. The ALJ stated that Plaintiff told the evaluator "she was able to sit for long periods of time while in class and stated that she took Vicodin for flare-ups[.]" AR at 15. Plaintiff contends that she did not report that she could tolerate sitting for long periods very well (dkt. # 15 at 5), but the ALJ did not state that she reported that she tolerated sitting for long periods very well, and thus, Plaintiff has failed to show error in the ALJ's summary of this aspect of the evaluation.[3]

Lastly, Plaintiff suggests that the ALJ overstated the record when finding that she reported being able to care for her parents years after the adjudicated period (AR at 17), because her parents actually live in a retirement home, and she was not a caregiver to them. (Dkt. # 15 at

---

[3] Plaintiff also notes that the evaluator recommended that a physiatrist review the category system of impairment rating to determine if Plaintiff's condition had worsened since the last evaluation, but that before she was able to undergo this review, she was involved in a car accident. (Dkt. # 15 at 5-6.) Plaintiff does not tie these circumstances to an error in the ALJ's decision, and thus the Court need not address this portion of the evaluation report further.

ORDER - 7

6.) Yet, as Plaintiff acknowledges (*id*.), Plaintiff speculated that her blood pressure was high during an April 2019 appointment because she reported being "very stressed out with finances and care of her parents with dementia." AR at 502. Plaintiff made a similar report on another occasion. *See, e.g.*, *id*. at 528 ("[Plaintiff] is taking care of her aging/ailing parents. This is stressful."). Given that Plaintiff described herself as caring for her parents, the ALJ did not err in stating that Plaintiff reported caring for her parents. The ALJ did not find, for example, that Plaintiff was the primary caregiver for her parents, or that the care she provided them constituted substantial gainful activity. Plaintiff has not shown that the ALJ overstated the record in noting that Plaintiff reported caring for her parents.

Because Plaintiff has not shown that the ALJ erred in characterizing the record or in finding it somewhat inconsistent with her allegations, the Court declines to disturb the ALJ's assessment of Plaintiff's testimony.

## V.     CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

Dated this 26th day of August, 2022.

_____
MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 8